UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| DON MOODY,<br>        Plaintiff,<br>v.<br>COUNTY OF SANTA CLARA, et al.,<br>        Defendants. | Case No. 5:15-cv-04378-EJD<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS FIRST CAUSE OF ACTION IN SECOND AMENDED COMPLAINT**<br><br>Re: Dkt. No. 56 |

In a Second Amended Complaint ("SAC"), Plaintiff Don Moody ("Moody") again re-pleads a § 1983 action against the County of Santa Clara and the Director of the Social Services Agency ("SSA") and Bruce Wagstaff (collectively, "Defendants"), alleging violations of civil rights in connection with his termination from the position as the Public Guardian. Defendants now move to dismiss the first cause of action of Moody's SAC under Federal Rule of Civil Procedure 12(b)(6). Mot. to Dismiss ("Mot."), Dkt. No. 56.

The Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1343, and the Court finds this matter suitable for decision without oral argument. Civ. L.R. 7-1(b). After reviewing the amended allegations, the Court has determined the first cause of action of the SAC still does not state a plausible § 1983 claim against Defendants. Thus, Defendants' Motion to Dismiss will be GRANTED for the reasons explained below.

I.  **FACTUAL AND PROCEDURAL BACKGROUND**

The basic factual allegations remain largely unchanged from the two prior version of the

Case No.: 5:15-cv-04378-EJD
ORDER GRANTING DEFENDANTS' MOTION TO DISMISS FIRST CAUSE OF ACTION IN SECOND AMENDED COMPLAINT

1

complaint.[1] The Court summarizes factual allegations relevant to the instant motion below:

Moody served as Public Guardian for Santa Clara County for six years, beginning in September 2008. SAC ¶ 22. On September 25th, 2014, Moody was placed on administrative leave with the recommendation that he be terminated. *Id*. ¶ 32. On that date, Bruce Wagstaff, the Director of the County's Social Services Agency ("SSA"), gave Moody a letter stating that he would be placed on administrative leave until further notice and that Wagstaff was recommending that he be terminated (the "Termination Letter"). *Id*. The Termination Letter provided that the reason for the recommendation was Moody's alleged violation of County Merit System Rules, Article 11, which states:

> Section A25-301(a)(2) Inefficiency, incompetence, or negligence in the performance of duties, including failure to perform assigned task or failure to discharge duties in a prompt, competent and responsible manner.

*Id*.; *see also* Dkt. No. 10-2 (redacted copy of Moody's Termination Letter).

Following the meeting with Wagstaff, Moody alleges that he was "immediately [required] to turn over his badge and work phone, and was escorted out of the building in full view of the public," including his then co-workers. SAC ¶ 34. Moody alleges that the previous Public Guardian, Mr. Cecil, had not been escorted from the workplace in a similar manner at the time of his termination. *Id*. ¶ 39. Moody also alleges that, during his six year tenure as Public Guardian, he "had never witnessed anyone in his office terminated in a similar fashion, nor had he heard of any County official being terminated in such a manner." *Id*. Moody alleges that the escort "led others to conclude wrongly he was not trustworthy, and that he needed to be specially treated." *Id.*

After he was recommended for termination, a Skelly hearing was held. *Id*. ¶ 40. Moody alleges that the Skelly hearing did not allow him to introduce evidence, call or cross-examine witnesses, or obtain testimony under oath. *Id*. ¶ 41. In addition, its result would be an internal,

---

[1] For a more detailed discussion of Moody's factual allegations, see this Court's order granting Defendants' motion to dismiss Moody's original complaint (Dkt. No. 41), and the Court's order granting in part and denying in part Defendants' motion to dismiss Moody's first amended complaint (Dkt. No. 51).

Case No.: 5:15-cv-04378-EJD
ORDER GRANTING DEFENDANTS' MOTION TO DISMISS FIRST CAUSE OF ACTION IN SECOND AMENDED COMPLAINT

2

1    non-publicized decision. *Id*.

2    Moody also had the opportunity to appeal the Skelly decision and have a public hearing before the Santa Clara County Personnel Board ("Personnel Board"). *Id*. ¶ 42. Under the Rules of Procedures of the Santa Clara County Personnel Board ("Personnel Board Rules"),[2] hearings are public and the parties may be represented by counsel. Dkt. No. 56-5 §§ 10.5.1, 10.5.2. An appellant/employee may testify on his/her own behalf, may call witnesses and cross-examine opposing witnesses, and may make closing argument. *Id*. § 10.5.3. The Board has the authority to issue subpoenas to compel attendance of witnesses and production of records. *Id*. After the hearing, the Board issues findings of fact. *Id*. § 10.5.5. A default against an employee may only be taken where the County has made a *prima facie* showing of cause for discipline. *Id*. § 10.6. Moody acknowledges that an appeal was conducted in his case, but alleges that it did not occur until over 20 months had passed since the termination and walkout. *Id*..

Moody alleges that he was unable to find full time work for approximately one year after his termination, and that, during job interviews, the "walkout" was raised as a concern. SAC ¶ 40. Moody contends that, although he is now employed, he has been "unable to secure work in his chosen profession." *Id*.

Moody initiated the instant action on September 24, 2015, alleging deprivations of procedural due process and substantive due process (as his first and second causes of action, respectively). Dkt. No. 1. Defendants moved to dismiss Moody's complaint, which the Court granted with leave to amend. Dkt. Nos. 10, 41. Moody filed an FAC, again alleging deprivations of procedural due process and substantive due process, and Defendants again moved to dismiss. Dkt. Nos. 45, 47. The Court denied Defendants' motion with respect to Moody's substantive due process claim, but granted Defendants' motion with leave to amend with respect to Moody's procedural due process claim. Dkt. No. 51. Moody then filed an SAC. Dkt. No. 52. Defendants responded with the instant motion, seeking dismissal of Moody's procedural due process claim.

---

[2] As discussed in Section III.A, *infra*, the Court may judicially notice the Personnel Board Rules.

Dkt. No. 56.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 8(a) requires a plaintiff to plead each claim with sufficient specificity to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Although particular detail is not generally necessary, the factual allegations "must be enough to raise a right to relief above the speculative level" such that the claim "is plausible on its face." *Id*. at 556-57. A complaint which falls short of the Rule 8(a) standard may be dismissed if it fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). Dismissal of a claim under Rule 12(b)(6) may be based on a "lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988); *see Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008).

At the motion to dismiss stage, the Court must read and construe the complaint in the light most favorable to the non-moving party. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337-38 (9th Cir. 1996). The Court must accept as true all "well-pleaded factual allegations." *Ashcroft v. Iqbal*, 556 U.S. 662, 664 (2009). However, "courts are not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555. "In all cases, evaluating a complaint's plausibility is a context-specific endeavor that requires courts to draw on . . . judicial experience and common sense." *Levitt v. Yelp! Inc*., 765 F.3d 1123, 1135 (9th Cir. 2014) (quoting *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011)).

When deciding whether to grant a motion to dismiss, the Court generally "may not consider any material beyond the pleadings." *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990). However, the Court may consider material submitted as part of the complaint or relied upon in the complaint, and may also consider material subject to judicial notice. *See Lee v. City of Los Angeles*, 250 F.3d 668, 688-89 (9th Cir. 2001). In the event that a motion to dismiss is granted, "leave to amend should be granted 'unless the court determines

that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency.'" *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992) (quoting *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986)).

### III. DISCUSSION

#### A. Judicial Notice

Defendants request that the Court take judicial notice of several documents: the Skelly Officer's decision (Dkt. No. 56-2), the Findings of Fact of the County Personnel Board (Dkt. No. 56-3), and the Rules of Procedures of the Santa Clara County Personnel Board (Dkt. No. 56-5). Request for Judicial Notice ("RJN"), Dkt. No. 56-4; Mot. 8-9.

Federal Rule of Evidence 201(b) permits the Court to judicially notice a fact that is not subject to reasonable dispute because it "is generally known within the trial court's territorial jurisdiction" or "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." A request for judicial notice may be declined if the information submitted is not relevant to the matters before the Court. *See Ruiz v. City of Santa Maria*, 160 F.3d 543, 548 n.13 (9th Cir. 1998) (denying request for judicial notice, in part because information to be noticed did not bear on the "relevant issue" before the court).

On a motion to dismiss under Rule 12(b)(6), the Court may also consider "unattached evidence on which the complaint 'necessarily relies' if: (1) the complaint refers to the document; (2) the document is central to the plaintiff's claim; and (3) no party questions the authenticity of the document." *United States ex rel. Lee v. Corinthian Colleges*, 655 F.3d 984, 999 (9th Cir. 2011). However, the Court cannot notice "facts that may be 'subject to reasonable dispute.'" *Id.* (quoting *Lee*, 250 F.3d at 689). "More specifically, [the Court] may not, on the basis of evidence outside of the Complaint, take judicial notice of facts favorable to Defendants that could reasonably be disputed." *Id.*

Here, Moody does not appear to object to the Court taking judicial notice of the Personnel Board Rules. *See* Opp. Because this document meets the standard for admissibility under Rule

1 | 201, Defendants' request is GRANTED as to this document.

Moody does, however, object to the Court taking judicial notice of the Skelly Officer's decision and the Personnel Board Findings of Fact. *See* Opp. 12. Although these documents appear to be decisions of official tribunals, there is no indication that they are matters of public record or are otherwise such that they "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). It is also not clear that "no party questions the authenticity of the[se] document[s]," *see* Opposition ("Opp."), Dkt. No. 57, at 12, thus, the Court cannot judicially notice them on a reliance theory. As such, they fail to meet the standard for admissibility under Rule 201 and Defendants' request is DENIED as to these documents.

### B. Failure to State a Claim

Turning to the substance of Defendants' motion, Defendants move to dismiss Moody's first cause of action, which alleges a "stigma plus" procedural due process claim, on the grounds that Moody has failed to plausibly allege that he received constitutionally inadequate process. Mot. As the Court noted in its January 30, 2018 Order on Moody's FAC ("January 30 Order") (Dkt. No. 51), the Court must analyze procedural due process claims in two steps: first, it "asks whether there exists a liberty or property interest which has been interfered with by the State;" second, it determines "whether the procedures attendant upon that deprivation were constitutionally sufficient." *Vasquez v. Rackauckas*, 734 F.3d 1025, 1042 (9th Cir. 2013) (internal quotation marks and citation omitted). The instant motion challenges the adequacy of Moody's allegations with respect to the second step.

In their motion, Defendants argue that Moody failed to allege that the process he was given was constitutionally inadequate because the Skelly hearing and/or his opportunity to appeal before the Personnel Board was sufficiently adequate process. Mot. Moody disagrees, arguing that the Skelly hearing was constitutionally inadequate because it was non-public and not evidentiary in nature, and that the Personnel Board hearing was inadequate because it did not occur in a

Case No.: 5:15-cv-04378-EJD
ORDER GRANTING DEFENDANTS' MOTION TO DISMISS FIRST CAUSE OF ACTION IN SECOND AMENDED COMPLAINT
6

constitutionally timely fashion. Opp.

As the Court explained in its January 30 Order, in the context of a stigma-plus claim, the process due a stigmatized employee is a "name-clearing" hearing or similar process to refute the stigmatizing charge. *Cox v. Roskelley*, 359 F.3d 1105, 1110 (9th Cir. 2004); *Mustafa v. Clark Cty. Sch. Dist.*, 157 F.3d 1169, 1179 (9th Cir. 1998). "The purpose of such notice and hearing is to provide the person an opportunity to clear his name." *Bd. of Regents of State Colleges v. Roth*, 408 U.S. 564, 590, 92 S. Ct. 2701, 2716, 33 L. Ed. 2d 548 (1972). Due process imposes no hard and fast requirements on what constitutes an adequate "name-clearing" hearing, including, for example, whether it must be public, evidentiary in nature, or held prior to deprivation of the liberty or property interest. *Cf. Shinault v. Hawks*, 782 F.3d 1053, 1057 (9th Cir. 2015) ("Due process 'is a flexible concept that varies with the particular situation.'"). Instead, courts must evaluate the adequacy of the process according to the balancing test articulated in *Mathews v. Eldridge*:

> First, the private interest that will be affected by the official action; second, the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and finally, the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail.

424 U.S. 319, 334-35 (1976).

In its January 30 Order, the Court assessed whether the process which Moody alleges he received—notification of the charges against him in the Termination Letter, pre-termination review in a Skelly hearing, and a post-termination opportunity to appeal before the Personnel Board—was adequate under *Mathews* and concluded that it was. January 30 Order 12-13. It also considered Moody's specific complaints about his process—that the Skelly hearing was non-evidentiary and that the Personnel Board was conducted too long after his walk-out and termination—and found that neither rendered his process inadequate. January 30 Order 13-14.

None of the additional allegations which Moody adds to his SAC alter this conclusion. First, all of the purely factual allegations that Moody adds were considered by the Court in its

Case No.: 5:15-cv-04378-EJD
ORDER GRANTING DEFENDANTS' MOTION TO DISMISS FIRST CAUSE OF ACTION IN SECOND AMENDED COMPLAINT

7

January 30 Order. Moody alleges that the Skelly hearing was non-public and non-evidentiary, and that the "appeal hearing did not occur until over twenty (20) months had passed." SAC ¶ 41-42. These are the same aspects of Moody's process which the Court considered in its January 30 Order and determined to not render Moody's process inadequate as a matter of law. Order 13. Second, all of the remaining allegations are simply bare recitations that Moody's process was constitutionally inadequate. *See* SAC ¶ 41 (alleging that the Skelly hearing "would not be sufficient to clear Mr. Moody's name" and that it "had a substantial risk that the stigma against Mr. Moody would remain"); ¶ 42 (alleging that "because of the long delay between termination and hearing, the appeal was not sufficiently prompt and meaningful so as to reverse the damage and ill effects suffered by Mr. Moody"). These are "legal conclusion[s] couched as . . . factual allegation[s]" which the Court need not accept as true. *Iqbal*, 556 U.S. at 678. Accordingly, at bottom, the Court is left with the same allegations and arguments which it considered in its January 30 Order. It thus reaches the same conclusion here as it did there: Moody has failed to plausibly allege that he received constitutionally inadequate process.

None of the arguments that Moody makes in this most recent round of briefing compels a contrary conclusion. Moody appears to make much of the "public nature" of his walkout, suggesting that, because of this, he needed a more timely name-clearing hearing that was evidentiary and public in nature. Opp. 6-10. The Court disagrees. For example, even if non-public and non-evidentiary, the Termination Letter and Skelly hearing gave Moody ample, timely process to address the bases of his recommended termination and prevent him from being erroneously terminated from his position at SSA. Even if, assuming arguendo, the walkout had inflicted reputational damage, this would have been alleviated by Moody being permitted to stay in his position at SSA (which, hypothetically, could have happened in the case that his termination was erroneous and confirmed to be such at the Skelly hearing). In addition, as the Second Circuit observed in *Baden v. Koch*, Moody "did not need a formal hearing as a forum in which to repeat his side of the story. As a public figure, he could presumably have called a press conference and

Case No.: 5:15-cv-04378-EJD
ORDER GRANTING DEFENDANTS' MOTION TO DISMISS FIRST CAUSE OF ACTION IN SECOND AMENDED COMPLAINT

8

provided any further defense of his record or explanation of his removal from office that he desired to give." 799 F.2d 825, 832 (2d Cir. 1986). Accordingly, the "probable value" of the "additional or substitute procedural safeguards" that Moody advocates for does not outweigh the "administrative burdens" they would entail. *Mathews*, 424 U.S. 335. As such, they are not constitutionally warranted.

In sum, because Moody has failed to allege that he received inadequate process, his procedural due process claim will be DISMISSED. Further, since this was Moody's third opportunity to plead this claim and Moody's renewed attempt fails for the same reasons as before, this claim will be dismissed without leave to amend as allowing for further amendment would be futile. *Miller v. Rykoff-Sexton*, 845 F.2d 209, 214 (9th Cir. 1988) ("A motion for leave to amend may be denied if it appears to be futile or legally insufficient").

## IV. ORDER

Defendants' motion to dismiss is GRANTED. Moody's first cause of action will be DISMISSED without leave to amend.

**IT IS SO ORDERED.**

Dated: May 17, 2018

EDWARD J. DAVILA
United States District Judge

Case No.: 5:15-cv-04378-EJD
ORDER GRANTING DEFENDANTS' MOTION TO DISMISS FIRST CAUSE OF ACTION IN SECOND AMENDED COMPLAINT
9