UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| DON MOODY,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>COUNTY OF SANTA CLARA, et al.,<br><br>　　　　　Defendants. | Case No. 15-cv-04378-EJD (VKD)<br><br>**ORDER RE DISCOVERY DISPUTES RE PLAINTIFF'S DOCUMENT REQUESTS**<br><br>Re: Dkt. Nos. 82, 83, 84, 85 |

The parties have submitted to the Court four discovery disputes regarding plaintiff Don Moody's requests for production of documents to the County of Santa Clara ("County"). Dkt. Nos. 82, 83, 84, 85. The Court has considered the parties' submissions and finds the disputes are suitable for resolution without oral argument.

As explained below, the Court resolves each dispute in the County's favor.

## I.   BACKGROUND

Mr. Moody is the former Public Guardian for the County. He served in that position for six years, from September 2008 until he was placed on leave, with a recommendation for his termination, in September 2014. Dkt. No. 52 ¶¶ 17, 32. Mr. Moody claims that he was immediately required to turn over his badge and work phone and was escorted out of the building where he worked, in full view of the public and co-workers, leading others to conclude wrongly that he was untrustworthy. *Id.* ¶¶ 34, 39.

Mr. Moody's employment subsequently was terminated. He alleges that defendants leaked information to the media about his termination and his "walkout." *Id.* ¶¶ 36-38. He says he never witnessed anyone else in his office terminated in this fashion and alleges that he was stigmatized by this treatment. *Id.* ¶ 39. He claims that, as a result, he was unable to find other full-time

employment for about a year after his termination and still has not found work in his chosen profession. *Id.* ¶ 43.

Although a *Skelly* hearing[1] was held prior to his termination, Mr. Moody claims that he was not allowed to introduce evidence, call or cross-examine witnesses, or obtain testimony under oath. *Id.* ¶ 41. Because the hearing would result in an internal, non-publicized decision, Mr. Moody further claims that the *Skelly* hearing was insufficient to clear his name. *Id.* He also contends that the appeal of his termination was insufficient and failed to comport with due process because the appeal hearing did not occur until over 20 months after his termination and "walkout." *Id.* ¶ 42.

Mr. Moody filed this suit against the County and Bruce Wagstaff, the Director of the County's Social Services Agency who recommended Mr. Moody's termination. The operative Second Amended Complaint asserted two claims under 42 U.S.C. § 1983: (1) a procedural due process claim challenging the adequacy of Mr. Moody's *Skelly* hearing and appeal hearing, and (2) a substantive due process claim based on the alleged "walkout" and leak to the press of negative information about Mr. Moody. *Id.* ¶¶ 44-64, 65-69.

The Court dismissed Mr. Moody's procedural due process claim without leave to amend, finding that Mr. Moody failed to plausibly allege that he did not receive a constitutionally adequate name-clearing hearing to challenge the basis for his termination. Dkt. No. 59 at 7-9. Thus, Mr. Moody's sole remaining claim for relief is one for alleged deprivation of his substantive due process rights.

With respect to his substantive due process claim, Mr. Moody asserts that defendants deprived him of his property interest in continued employment with the County, as well as his liberty interest in the right to work in his chosen profession, by publicly humiliating him when they allegedly escorted him out of the building where he worked and leaked negative information about him and his termination to the press. Dkt. No. 52 ¶¶ 65-69; Dkt. No. 51 at 14-15.

---

[1] *See Skelly v. State Personnel Bd.*, 15 Cal. 3d 194, 215 (1975) (discussing requirements for pre-termination hearing for a public employee).

2

## II. LEGAL STANDARD

A party may obtain discovery of any matter that is relevant to a claim or defense and that is "proportional to the needs of case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). For good cause shown, the Court may also issue an order protecting a party or person from annoyance, embarrassment, oppression, or undue burden or expense, and may order the discovery produced in a manner that restricts its disclosure. *See* Fed. R. Civ. P. 26(c)(1); 37(a)(5)(C).

## III. DISCUSSION

The parties' joint submissions address four discovery disputes, which the Court considers separately.

### A. Dkt. No. 82: Media Communications

Mr. Moody seeks "all documents and communications regarding any discussions, statements given or elicited, questions asked by, or correspondence with media outlets by the County between 2008 and 2015 in connection with [the Department of Adult Aging Services ("DAAS")] or [the Social Services Agency ("SSA")]." Dkt. No. 82, Ex. A (Request No. 18). Mr. Moody contends that this discovery is relevant because it may show that defendants have a pattern or practice of treating other employees or Public Guardians the same way they treated Mr. Moody.

The County objects to this discovery on relevance and proportionality grounds. It acknowledges that Mr. Moody is entitled to discovery regarding actions or statements by the County that could have impacted his ability to be re-employed in his chosen profession, and it says that it has already produced all communications with media outlets concerning Mr. Moody's termination. The County argues that documents relating to communications concerning the DAAS and the SSA dating back to 2008, unrelated to Mr. Moody's termination, are irrelevant to any claim or defense in the case, and that the burden of identifying and producing such responsive documents would require the review of email communications for thousands of County employees.

3

1     The Court is not persuaded that the discovery Mr. Moody seeks is relevant to his substantive due process claim. Mr. Moody's request is exceptionally broad, and he does not explain how discovery of all of defendants' communications "in connection with DAAS or SSA," regardless of subject matter, is relevant to his claim. Mr. Moody makes a very abbreviated argument that the discovery will show whether the County had a pattern or practice of improper conduct. However, Mr. Moody's objective is at odds with and undermined by his allegations that no other employees have been treated as he has. *See* Dkt. No. 52 ¶¶ 39, 67. In any event, the scope of the requested discovery is not limited to even this purported pattern or practice evidence.

Mr. Moody argues that the County has waived any objections based on proportionality, but does not otherwise address defendants' contention that the requested discovery poses an excessive burden. Mr. Moody's waiver argument is inconsistent with the approach to discovery adopted in the recent amendments to Rule 26(b)(1). *See* Fed. R. Civ. P. 26, Advisory Committee Notes (2015 Amendment) ("The parties and the court have a collective responsibility to consider the proportionality of all discovery and consider it in resolving discovery disputes."); *see also* Hon. Elizabeth D. Laporte & Jonathan M. Redgrave, *A Practical Guide to Achieving Proportionality Under New Federal Rule of Civil Procedure* 26, 9 FED. COURTS L. REV. 20, 67-69 (2015). As the discovery Mr. Moody seeks is not relevant to any claim or defense, the Court need not reach the question of proportionality.

The County need not search for and produce responsive documents beyond those it says it has already agreed to produce.

### B. Dkt. No. 83: Hiring Procedures

Mr. Moody seeks "all documents and communications that relate to the procedures used to bring on new employees to County, including, but not limited to, training requirements, orientations, materials provided to new employees, oaths, or meetings with key personnel." Dkt. No. 83, Ex. A (Request No. 25). He argues that the discovery is relevant because it is likely to yield evidence that defendants "scapegoated" him for problems that plagued the Public Guardian's Office prior to his employment there, and that, at a minimum, responsive documents concerning him and his predecessors dating back to 1998 should be produced.

4

The County objects to this discovery on relevance and proportionality grounds. It argues that the discovery Mr. Moody seeks with respect to all employees of the County is overbroad, has no bearing on whether Mr. Moody's substantive due process rights were violated, and is not proportional to the needs of the case. According to the County, it would have to search hundreds of classifications for more than 17,000 employees, across dozens of physical locations in order to produce responsive documents.

The Court agrees with the County that Mr. Moody's discovery is directed to the propriety of the County's termination decision and not to whether the County stigmatized Mr. Moody in connection with his termination. Mr. Moody dismisses this argument as posing "a question for trial," but he does not actually explain how the discovery is relevant to the substantive due process claim pled in the operative complaint. In particular, Mr. Moody does not explain how discovery regarding his own hiring, training, and orientation or the hiring, training, and orientation of other County employees has anything to do with the County's stigmatizing conduct with respect to his termination

As before, Mr. Moody argues that the County has waived any objections based on proportionality, but does not otherwise address defendants' contention that the requested discovery poses an excessive burden. Mr. Moody's waiver argument is unpersuasive for the reasons discussed above. However, as the discovery Mr. Moody seeks is not relevant to any claim or defense, the Court need not reach the question of proportionality.

The County need not search for and produce documents responsive to this request.

**C.     Dkt. No. 84: Investigative Reports**

Mr. Moody requests all documents relating to a series of investigations or audits of the Public Guardian's Office, dating back to 1998, as well as the actions taken in response to the reports generated as a result of those investigations and inquiries. Dkt. No. 84, Ex. A (Requests Nos. 1-4, 6-9). He contends that this discovery is relevant to his "scapegoat" theory, i.e., if the County was aware of systemic problems in the Public Guardian's Office, pre-dating Mr. Moody's employment, then this discovery is relevant to establish that defendants used Mr. Moody as a scapegoat.

The County objects to this discovery on relevance and proportionality grounds. It argues that evidence concerning investigations into the operations of the Public Guardian's Office—two of which predate Mr. Moody's employment with that office—has no bearing on the question of whether the County stigmatized Mr. Moody in connection with his termination. The County again observes that Mr. Moody's substantive due process claim concerns the manner in which his termination was carried out, and not whether the County's decision to terminate his employment was wrong or unfair. The County also says the discovery is not proportional to the needs of the case, but it does not point to any particular burden.

The Court agrees with the County that Mr. Moody's discovery is directed to the propriety of the County's termination decision and not to whether the County terminated Mr. Moody in a manner that stigmatized him. Mr. Moody again dismisses this argument as posing "a question for trial," but he does not explain how the discovery is relevant to the substantive due process claim pled in the operative complaint. In particular, Mr. Moody does not explain how anything in the investigative reports (or in the County's actions in response to those reports) might bear on the manner in which he was terminated and whether he was stigmatized by the County's conduct.

The County has not supported its argument that the discovery Mr. Moody seeks is disproportionate or burdensome, but as the discovery is not relevant to any claim or defense, the Court need not reach the question of proportionality.

The County need not search for and produce documents responsive to this request.

### D.     Dkt. No. 85:  Other Public Guardians

Mr. Moody seeks all documents relating to the termination of his predecessor, Robert Cecil, as well as all documents relating to the job performance of prior Public Guardians from 1998 to the present. Dkt. Nos. 85, Ex. A (Requests Nos. 21, 22). Again, he contends that this discovery is relevant to his "scapegoat" theory, i.e., if the County was aware of systemic problems in the Public Guardian's Office, pre-dating Mr. Moody's employment, then this discovery is relevant to establish that defendants used Mr. Moody as a scapegoat.

The County objects to this discovery on relevance and proportionality grounds, and also objects that the discovery violates the privacy interests of third parties (other Public Guardians). It

6

argues that Mr. Moody seeks evidence to challenge the County's underlying decision to terminate his employment, and not to support is substantive due process claim challenging the manner of his termination. The County further argues that Mr. Moody has not articulated a compelling need for this discovery that would outweigh the privacy interests of prior Public Guardians in their personnel records.

The Court agrees with the County that Mr. Moody's discovery is directed to the propriety of the County's termination decision and not to whether the County terminated Mr. Moody in a manner that stigmatized him. Mr. Moody does not explain how personnel records concerning the performance and reasons for termination of other Public Guardians have any bearing on whether defendants' conduct with respect to his own termination violated his substantive due process rights. In any event, Mr. Moody has not made a showing of relevance with respect to these records that outweighs the interest the County and its employees have in preserving the confidentiality of sensitive information contained in employee personnel records. *See Nakagawa v. Regents of Univ. of California*, No. C06-2066 SI, 2008 WL 1808902, at *2 (N.D. Cal. Apr. 22, 2008) (citing *Detroit Edison Co. v. Nat'l Labor Relations Bd.*, 440 U.S. 301, 319 n.16 (1979)).

The County has not supported its argument that the discovery Mr. Moody seeks is disproportionate or burdensome, but as the discovery is not relevant to any claim or defense, the Court need not reach the question of proportionality.

The County need not search for and produce documents responsive to this request.

## IV. CONCLUSION

Accordingly, the Court denies Mr. Moody's motion for discovery.

**IT IS SO ORDERED.**

Dated: July 23, 2019

VIRGINIA K. DEMARCHI
United States Magistrate Judge